UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NOBLE ROMAN'S, INC., ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
|    vs. ) | CAUSE NO. 1:14-cv-206-WTL-MJD |
| ) | |
| B & MP, LLC, et al., ) | |
| ) | |
|    Defendants. ) | |

## ENTRY ON AMENDED MOTION TO DISMISS

This cause is before the Court on the Defendants' Amended Motion to Dismiss (Dkt. No. 71). The Plaintiff has responded to the motion (Dkt. No. 78). The Court **DENIES** the motion for the following reasons.

### I.    APPLICABLE STANDARD

The Defendants move to dismiss the Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the Amended Complaint fails to state a claim for which relief can be granted. In reviewing a Rule 12(b)(6) motion, the Court "must accept all well pled facts as true and draw all permissible inferences in favor of the plaintiff." *Agnew v. National Collegiate Athletic Ass'n*, 683 F.3d 328, 334 (7th Cir. 2012). For a claim to survive a motion to dismiss for failure to state a claim, it must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)) (omission in original). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Agnew*, 683 F.3d at 334 (citations omitted). A complaint's factual

allegations are plausible if they "raise the right to relief above the speculative level." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 556 (2007).

## II. BACKGROUND

The facts set forth in the Plaintiff's Amended Complaint (Dkt. No. 68) are as follow.

The Plaintiff, Noble Roman's, Inc. ("Noble Roman's") is in the business of franchising pizza outlets that feature pizza, breadsticks, Tuscano's submarine sandwiches and wraps, and other food items. Noble Roman's has registered various word marks, design marks, and service marks on the Principal Register of the United States Patent and Trademark Office.

On or about March 16, 2010, Noble Roman's and Defendant B & MP, LLC ("B & MP") entered into two franchise agreements for the operation of a Noble Roman's franchise and a Tuscano's franchise in Bloomingdale, Illinois. Under the franchise agreements, B & MP agreed to the following: 1) to provide weekly reports of sales to Noble Roman's; 2) to pay a weekly royalty fee; 3) to obtain all products from Noble Roman's-approved suppliers; and 4) to use the marks only in connection with the operation of the franchises. B & MP also agreed to certain non-compete provisions.

In its Amended Complaint, Noble Roman's alleges that B & MP failed to pay certain royalty fees, underreported its sales in the weekly reports, sold non-approved food items, and violated the non-compete provisions. It thus filed suit alleging breach of contract (Count I), false or misleading representation of fact (Count II), and deception (Count III). It requests injunctive relief (Count IV) and damages.

## III. DISCUSSION

The Defendants move to dismiss Noble Roman's Amended Complaint in its entirety. Their arguments are addressed below.

## A. Breach of Contract

The Defendants argue that "Plaintiffs' [sic] allegations fall far short of avoiding a Rule 12(b)(6) dismissal, as Plaintiff fails to provide most of the details necessary to state a claim for breach of contract." Defs.' Br. at 3. The Court disagrees. The elements of a breach of contract claim are "the existence of a contract, the defendant's breach of that contract, and damages resulting from the breach." *Metro Holdings One, LLC v. Flynn Creek Partner, LLC*, 25 N.E.3d 141, 157 (Ind. Ct. App. 2014). Noble Roman's Amended Complaint sets forth two contracts—the franchise agreements—that are attached to the Amended Complaint. It also sets forth specific allegations regarding B & MP's breach of that contract: its failure to pay royalty fees; its submission of underreported weekly sales reports; its unauthorized use of Noble Roman's ingredients; and its violations of non-competition covenants. *See* Amend. Compl. ¶¶ 32-40. Finally, Noble Roman's has alleged that it suffered damages as a result of the breaches. *See id*. ¶ 50 ("As a direct and proximate result of B & MP's breach of the Agreements, Noble Roman's has suffered damages.").

The Defendants protest that Noble Roman's "fails to state in detail" certain facts. Defs.' Br. at 3. However, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (citing *Twombly*, 550 U.S. at 555). Discovery will indubitably shed more light on the details. For now, the Court determines that the Defendants, who cite no case law or legal authority in support of their argument that more detail is needed at this phase in the litigation, have not met their burden of establishing that Noble Roman's has failed to state a breach of contract claim. Therefore, the Court **DENIES** the Defendants' motion to dismiss, as it pertains to Count I.

### B. False or Misleading Representation of Fact

The Defendants next argue that "Count II is also meritless because Plaintiff provides no further details in support of its claim for false or misleading representation of fact under 15 U.S.C. § 1125(a)." Defs.' Br at 3. Again, the Court disagrees. Title 15 U.S.C. § 1125(a)(1)(A) provides the following:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by the act.

Thus, to state a claim under this provision, Noble Roman's must allege that: 1) B & MP made a false or misleading representation of fact; (2) in interstate commerce; (3) in connection with goods or services; (4) the misleading representation is likely to cause confusion, cause mistake, or to deceive as to the origin of its goods; and (5) this conduct has harmed or will harm Noble Roman's.

The Court finds that Noble Roman's has plausibly alleged the elements of a claim under section 1125(a)(1)(A). As Noble Roman's notes, its Amended Complaint alleges

> that B & MP was selling non-Noble Roman's pizza, breadsticks, and/or deli sub sandwiches at its franchise location, and attempted to pass off those "unaffiliated products" as Noble Roman's and Tuscano's products using Noble Roman's Marks. Additionally, Noble Roman's alleged that B & MP's distribution of un-affiliated pizza products and deli-sub sandwiches using Noble Roman's Marks was likely to cause confusion with the general public because it falsely implied that the unaffiliated products were Noble Roman's and Tuscano's products, or that Noble Roman's had approved of the unaffiliated products being sold by B & MP.

Pl.'s Resp. at 9; *see also* Amend. Compl. ¶¶ 37-38, 52-54. Not only do these allegations satisfy the elements of section 1125(a)(1)(A), they also "provide[] specifics as to how the Defendants'

actions were false or misleading that caused confusion, mistake, or deceived customers as to the origin, sponsorship, or approval of Defendants' goods by Noble Roman's." Defs.' Br. at 3-4. The Defendants' motion to dismiss Count II is **DENIED**.

### C. Deception

The Defendants argue, with respect to Noble Roman's deception claim, that "Plaintiffs' allegations fall far short of avoiding a Rule 12(b)(6) dismissal, as Plaintiff fails to provide most of the details necessary to state a claim for deception." Defs.' Br. at 4. Once again, the Court disagrees.

Noble Roman's alleges that the Defendants violated Indiana Code section 35-43-5-3, the provision for criminal deception. This provision defines deception, in relevant part, as one who "knowingly or intentionally makes a false or misleading written statement with intent to obtain property, employment, or an educational opportunity[.]" Ind. Code § 35-43-5-3(a); *see also Am. Heritage Banco, Inc. v. McNaughton*, 879 N.E.2d 1110, 1118 (Ind. Ct. App. 2008) (noting that to prove deception "[the plaintiff] is therefore required to prove by a preponderance of evidence that [the defendant] knowingly or intentionally made a false or misleading written statement to obtain money from [the plaintiff]"). As Noble Roman's notes, its Amended Complaint alleges "that B & MP knowingly or intentionally included false gross sales figures on its weekly gross sales reports, which were written statements, and that B & MP did so in order to keep for itself Royalty Fees (money) that belonged to Noble Roman's." Pl.'s Br. at 10; *see also* Amend. Compl. ¶¶ 32-33, 35, 56-59. This is certainly sufficient to state a plausible claim and, accordingly, the Defendants' motion to dismiss Count III is **DENIED**.

### D. Injunctive Relief

Finally, the Defendants argue that the Plaintiffs' Amended Complaint "fails to state any details or enough information necessary to state a claim for any injunctive relief." Defs.' Br. at 5. Noble Roman's—in its prayer for relief—requests the following:

> [a] preliminary and permanent injunction enjoining B & MP, its agents, subsidiaries, and employees, and all those controlled by or acting on behalf of B & MP, from: [m]isrepresenting the source of origin of Noble Roman's products; [and] [s]elling non-Noble Roman's pizza and breadsticks, and non-Tuscano's deli sub sandwich products at the Location.

Amend. Compl. at 11-12. Noble Roman's Amended Complaint alleges that it "is being irreparably harmed by B & MP's" actions, that B & MP's actions "are causing irreparable injury," that it "has no remedy at law as effective and efficient as an injunction," and that "the balance of equities and public interest favor the entry of an injunction[.]" *Id*. ¶¶ 61-65. At this phase in the litigation, these allegations are sufficient to state a plausible claim for injunctive relief. The Defendants' motion to dismiss Count IV is **DENIED**.

### IV. CONCLUSION

For the foregoing reasons, the Defendants' Amended Motion to Dismiss (Dkt. No. 71) is **DENIED**.

SO ORDERED: 4/3/15

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification